UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31481

_____

PATRICIA DRAKE,

Plaintiff-Appellant,

versus

MAGNOLIA MANAGEMENT CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
Lower Docket No. 99-S

_____

July 11, 2001

Before DAVIS, JONES, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Appellant Patricia Drake sued appellee Magnolia
Management Corporation ("Magnolia"), asserting federal and state
discrimination claims after she was fired as the Director of
Nursing at a Magnolia-owned nursing home.   The district court

_____

        [*]      Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

granted summary judgment to Magnolia, and Drake brought this appeal.

Drake alleges that the district court disregarded direct evidence in support of her claims. We disagree. The age- and gender-related statements that Drake's supervisor Todd Robertson allegedly made were not direct evidence of discrimination. Virtually all of the statements were not related to Drake. The few statements that Robertson allegedly made to Drake were not connected to her termination. Thus, the statements only indirectly suggested a discriminatory motive for Drake's termination.

We turn to whether Drake presented sufficient circumstantial evidence of discrimination to withstand Magnolia's summary judgment motion. We assume for the sake of argument that Drake established prima facie claims for both age and gender discrimination.[1]

Magnolia asserts that it fired Drake because 1) the nursing department, while under her supervision, failed to submit certain reports to the state for over a month; 2) the department failed to adhere to company procedures for weighing residents; 3) the department failed to properly monitor food consumption by

---

[1] The district court held that Drake failed to establish a prima facie gender discrimination case because her replacement was female. This fact, however, does not necessarily foreclose a prima facie case. Nieto v. L&H Packing Co., 108 F.3d 621, 624 n.7 (5th Cir. 1997) (holding that a plaintiff could establish a prima facie case even if his replacement was within his protected class).

residents; 4) doctors were not signing care plans according to company policy; and 5) Drake did not cooperate with other department heads.

Drake must establish that these asserted reasons for Drake's discharge were pretexts for age or gender discrimination. Evidence that proffered justifications were pretexts "will be sufficient in most cases [for a plaintiff] to survive summary judgment." Auguster v. Vermillion Parish Sch. Bd., 249 F.3d 400, 402 (5th Cir.2001).

Here, substantial uncontradicted evidence supports Magnolia's asserted reasons for the termination. A Magnolia consultant identified the problems in her department that the company associates with Drake's termination, and Drake does not accuse the consultant of wrongdoing. Indeed, Drake confirmed the existence of most of the asserted problems in her deposition testimony. She contests only one of the proffered reasons in her appellate brief.

We conclude that Robertson's alleged age and gender-related comments are not sufficient to create a genuine, material issue of fact on Drake's age and gender discrimination claims. To be sure, Robertson's alleged comments suggest that Robertson held age and gender prejudices. This court has held that remarks suggesting bias can, along with other evidence of pretext, allow a plaintiff to withstand summary judgment. Russell v. McKinney Hosp.

3

<u>Venture</u>, 235 F.3d 219, 225 (5th Cir. 2000) (reversing summary judgment for an employer in an ADEA case).  Here, however, there is no supporting evidence of age or gender animus.  Robertson directed very few comments at Drake, moreover, and his alleged comments were not connected in any way to her termination.  These comments simply are not sufficient to overcome Drake's utter failure to rebut nearly all of Magnolia's asserted reasons for firing her.  Thus, summary judgment was appropriate on Drake's age and gender discrimination claims.[2]

We also affirm the district court's grant of summary judgment to Magnolia on Drake's remaining claims.  Drake's retaliation claim fails because there is no evidence in the record linking her alleged informal complaints with her termination. Drake waived her hostile work environment claim by failing to address it in her appellate brief.

Based on the foregoing, we **AFFIRM** the district court's grant of summary judgment.

---

[2]    We do not rely on the "same actor inference" to reach this conclusion.  Thus, we need not address Drake's arguments on this point.